IN THE COUNTY COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

RAMON S. DAVILA,
an individual,

        Plaintiff,                     Case No.

vs.

DIVERSIFIED CONSULTANTS, INC.,
a Florida Entity,

        Defendant.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, RAMON S. DAVILA (hereinafter, "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, DIVERSIFIED CONSULTANTS, INC. (hereinafter, "Defendant"). In support thereof, Plaintiff alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"), the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), wherein Defendant repeatedly attempted to collect a consumer debt via multiple telephone calls to Plaintiff's Cellular Telephone despite Plaintiff's revocation of consent for such calls and advisement that he could not afford to pay the debt.

### JURISDICTION, PARTIES, AND VENUE

2. This is an action for damages that exceeds $5,000.00 and is less than $15,000, exclusive of attorneys' fees and costs.

3. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Section 559.77, 15 United States Code, Section 1692k(d), 47 United States Code, Section 227(b)(3), and Florida Statutes, Section 47.011, *et seq*.

4. At all material times herein, the conduct of Defendant, complained of below, occurs in Miami-Dade County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Miami-Dade County, Florida.

6. At all material times herein, Defendant is a Florida entity with its principal place of business in Duval County, Florida.

7. At all material times herein, Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. At all material times herein, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number, (786-XXX-0354) (hereinafter, "Cellular Telephone"), and was the called party and recipient of Defendant's autodialer calls.

## FCCPA AND FDCPA STATUTORY STRUCTURE

10. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

11. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of

interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

12. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

13. For example, the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt, and prohibits a person from communicating directly with a debtor known to be represented by an attorney in an attempt to collect a consumer debt. *See* 15 U.S.C. §§ 1692(d)-(e).

14. Similarly, the FCCPA prohibits a person from collecting consumer debt by communicating with the consumer in a manner that can be expected to harass or abuse the consumer debtor. *See* Fla. Stat. § 559.72(7).

## TCPA STATUTORY STRUCTURE

15. Congress enacted the TCPA in effort to restrict pervasive use of telemarketing and increasing use of cost-effective telemarketing techniques. Pub L. 102-243, § 2, Dec. 20, 1991, 105 Sta. 2394 (1) and (8).

16. Congress found that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" and it intended to prevent automated or pre-recorded telephone calls as "the only effective

means of protecting telephone consumers from this nuisance and privacy invasion." Id. at (5) and (12).

17. Under the TCPA, any person who initiates calls to any number assigned to a cellular telephone service using any automated telephone dialing system or artificial or prerecorded voice without the recipient's prior express consent is liable to the recipient for actual monetary loss, or up to $500.00 in damages for each violation of the TCPA, whichever is greater. 47 U.S.C. § 227(b)(3)(B).

18. Additionally, under the TCPA, the court may increase the damage award up to three (3) times, up to $1,500.00, for each willful or knowing violation of the TCPA. *Id.* at § 227(b)(3)(C).

## GENERAL ALLEGATIONS

19. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

20. At all material times herein, Plaintiff is a "debtor(s)" or "consumer(s)" as defined by the FCCPA and FDCPA.

21. At all material times herein, Defendant is a "debt collector" as defined by the FCCPA and FDCPA.

22. At all material times herein, Defendant attempted to collect a cable service balance allegedly incurred (hereinafter, the "Debt").

23. At all material times herein, the Debt is a consumer debt, incurred primarily for Plaintiff's personal, household, or family use.

24. At all material times herein, Defendant exercised its alleged rights to collect the Debt.

25. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Fla. Stat. § 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

26. At all material times herein, Defendant's conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by the FCCPA and FDCPA.

27. Specifically, at all material times herein, the telephone calls (as defined more fully *infra*) were each a "claim, attempt, or threat[] to enforce a debt" as defined by Florida Statutes, Section 559.72(9).

28. At all material times herein, Defendant acted itself or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

29. Plaintiff has retained undersigned counsel for purposes of this matter and is obligated to pay his attorneys a reasonable fee and reimburse his attorneys for reasonable costs expended in this action.

30. Plaintiff is entitled to attorneys' fees and costs pursuant to the FCCPA and FDCPA.

31. All necessary conditions precedent to the filing of this action occurred or Defendant has waived the same.

## FACTUAL ALLEGATIONS

32. In or around January 2019, Defendant acquired this alleged Debt with the purpose of collecting it from Plaintiff.

33. Shortly thereafter, Defendant began bombarding Plaintiff's Cellular Telephone with a campaign of repeated collection calls.

34. On at least five (5) separate occasions in July 2019, Plaintiff advised Defendant that he did not owe the debt and requested that Defendant stop calling his Cellular Telephone.

35. Notwithstanding Plaintiff's requests, Defendant continued to place automated calls to Plaintiff's Cellular Telephone in attempts to collect the Debt.

36. When Plaintiff answered Defendant's calls to his Cellular Telephone, Plaintiff would have to say "hello" multiple times before being connected with Defendant's representative.

37. Such a pause after answering is a tell-tale sign of Defendant's use of an automatic telephone dialing system or predictive telephone dialing system.

38. Defendant—or its authorized vendor or third-party agent acting within a scope of authority granted by Defendant, with the knowledge of the Defendant, and under the control of the Defendant—used an automated telephone dialing system or predictive telephone dialing system to place calls to Plaintiff's Cellular Telephone.

39. Defendant placed artificial voice calls to Plaintiff's Cellular Telephone from July 1, 2019 to the present.

40. Defendant placed pre-recorded voice calls to Plaintiff's Cellular Telephone from July 1, 2019 to the present.

41. Defendant placed calls to Plaintiff's Cellular Telephone using an automatic telephone dialing system, as that term is defined by the TCPA, from July 1, 2019 to the present.

42. Despite Plaintiff informing Defendant for the reason of his non-payment, Defendant continued its efforts to collect the Debt from Plaintiff. As a result, Defendant's subsequent attempts to induce payment made with the intent to exhaust Plaintiff's will and harass Plaintiff.

43. The majority of the collection calls continued after Plaintiff explicitly advised Defendant not to call his Cellular Telephone.

44. Defendant's conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.

45. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

46. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

47. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT ONE:
## UNLAWFUL DEBT COLLECTION PRACTICES –
## VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

48. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

49. Specifically, as noted above, although Plaintiff explicitly revoked consent, requested/demanded that the direct collection communication cease, explained that the Debt was not owed, but Defendant nevertheless continued to call Plaintiff and attempt to collect the Debt.

50. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## UNLAWFUL DEBT COLLECTION PRACTICE –
## VIOLATION OF 15 UNITED STATES CODE, SECTIONS 1692d and 1692d(5)

Plaintiffs re-allege paragraphs one (1) through forty-seven (47) as if fully restated herein and further state as follows:

51. Defendant is subject to, and violated the provisions of, United States Code, Sections 1692d and 1692d(5) by engaging on conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including—but not limited to—causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

52. Specifically, although Plaintiff advised Defendant that he did not owe the Debt, Defendant continued to cause Plaintiff's Cellular Telephone to ring with the intent of harassing, annoying, or abusing Plaintiff into payment of the Debt.

53. Accordingly, Defendant violated 15 United States Code, Sections 1692d and 1692d(5).

54. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by United States Code, Section 1692k.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through forty-seven (47) as if fully restated herein and further states as follows:

55. Defendant is subject to, and violated the provisions of, 47 United States Code,

Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

56. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to unlawfully call Plaintiff's Cellular Telephone multiple times in its attempt to collect the Debt.

57. If Defendant contends it possessed prior express consent, Plaintiff revoked such consent.

58. Defendant's telephone calls complained of herein are the result of repeated willful and knowing violations of the TCPA.

59. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of his cell phone service;

    b. Lost material costs associated with the use of cell phone minutes allotted under his cell phone service contract;

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
10460 Roosevelt Blvd. North
Suite 313
St. Petersburg, FL 33703
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
*Counsel for Plaintiff*